EMERSON *&* ux. v. EMERSON.

In a writ of entry, if the tenant plead *nul disseizin,* and the plaintiff prove a title and prior possession, it is no defence to show a better title in a third person.

If such third person is the landlord of the tenant, and is admitted to defend the action, he can stand no better than the defendant.

WRIT OF ENTRY, for land conveyed to the plaintiffs by William Emerson. Plea, *nul disseizin.* At the September term, 1877, John W. Currier, assignee in bankruptcy of William, was admitted to defend, and he also pleaded *nul disseizin,* with a brief statement that the action was not commenced within two years from the time the cause of action occurred. William, April 24, 1872, conveyed to the plaintiffs the land in controversy, upon the condition that they should support him through life, and they took possession under the deed. They failed to perform the condition, and left the premises in June, 1872. William immediately reëntered for condition broken, claiming a forfeiture, and was adjudged a bankrupt in January, 1873. Currier

was appointed his assignee, February 12, 1873, and on the 13th received a deed of the bankrupt's estate. The defendant claims no interest in the premises. He at first leased them of the assignee for six months, at a rent of $60 a year, and at the end of the lease arranged, by parol, to remain in possession till this suit should be determined. The plaintiffs had notice more than two years before the commencement of the suit that the defendant was occupying as the tenant of Currier. Currier offered evidence of the insolvency of William, and that debts were duly proved to an amount exceeding the value of his estate, which was excluded by the court, subject to exception. Verdict for the plaintiffs. Motion for new trial.

*Copeland, Whipple,* and *Jewell,* for the plaintiffs.

*Hillard* and *Currier,* for the defendant and assignee.

BINGHAM, J. The defendant is a tenant, and does not claim a freehold estate, still has pleaded *nul disseizin.* This plea admits him in possession claiming a freehold.

If the assignee had, with the plaintiffs' consent, become a party to the suit by an amendment of the writ, standing upon his own rights as assignee, the question would have arisen whether the plaintiffs could maintain this action against him. The only question now is, whether the plaintiffs can maintain it against the defendant. *Dow* v. *Leach,* 58 N. H. 18.

*Judgment on the verdict.*