## PARKER *& a.* v. MOORE.

In a writ of entry on a mortgage, leave may be denied the defendant's grantor to appear as defendant in interest for the adjudication of controversies between himself as mortgagee and the plaintiff, in which the defendant of record, being protected by a stipulation of his grantor, has no interest, and which can be more conveniently settled in a suit between the mortgagees: and judgment may be rendered for the plaintiff without prejudice to the rights of the defendant's grantor, and the writ of possession may be stayed, if justice requires such procedure.

WRIT OF ENTRY, for the foreclosure of a mortgage.    Cummings appeared as defendant in interest.

*Bingham, Mitchell & Batchellor,* for the plaintiffs.

*Rand & Morse,* for Cummings.

BY THE COURT.    Moore makes no defence, and Cummings is not a party of record.    If Cummings were allowed to defend in Moore's name, he could make no other defence than Moore could make.    *Carlton* v. *Patterson,* 29 N. H. 580; *Mathewson* v. *Powder Works,* 44 N. H. 289;    *Dorr* v. *Leach,* 58 N. H. 18;    *Emerson* v.

*Emerson*, 58 N. H. 413.    It is not necessary to consider whether the merits of the whole or any part of the controversy between the plaintiffs and Cummings can be determined in a defence to this action made by him in Moore's name.    Whether as between the plaintiffs and Cummings, either of his mortgages is paid or in any way extinguished, and whether, as between them and him, he is entitled to any preference in the foreclosure of partnership or separate property, are questions that should be tried on a bill in equity brought by him for the foreclosure of his mortgages, or in some other appropriate suit between him and them, rather than in this suit at law in which he is not a party, and in which Moore, being protected by a stipulation of Cummings, has no interest. The contentions of the plaintiffs and Cummings should be settled on their merits, in a suit between the contending parties, without any unnecessary question of what defence Moore could make in this suit, without any question of jurisdiction at law, and without any doubt as to the effect of the judgment, or the parties to be bound by it.    Cummings's leave to appear as defendant in interest in this action should be revoked.    But as one of his mortgages is younger than that of the plaintiffs, and the case shows that the plaintiffs' conclusive foreclosure, without a settlement of their controversy with him, would be inequitable, judgment of foreclosure, if rendered for the plaintiffs, should be without prejudice to his rights as holder of two mortgages.    His claims as holder of both mortgages should be tried in one suit, during the speedy adjustment of which the plaintiffs' foreclosure should not be completed.    Such a judgment can be rendered in favor of the plaintiffs against Moore as will not affect their contentions with Cummings.    In the plaintiffs' judgment can be inserted a clause stating in substance that " This judgment is rendered without prejudice to the claims of William H. Cummings under two mortgages, which claims are not adjudicated in this action, and are to stand as if this judgment had not been rendered."    If justice requires a stay of the plaintiffs' writ of possession, it may be stayed.

*Case discharged.*

SMITH and CARPENTER, JJ., did not sit: the others concurred.